**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 18 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ELEAQUIN AMADOR ALFARO, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 23-813 Agency No. A216-516-557 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2024[**]
San Francisco, California

Before: GOULD, TALLMAN, and R. NELSON, Circuit Judges.

Jose Eleaquin Amador Alfaro ("Amador") petitions for review of a Board of

Immigration Appeals ("BIA") affirmance of an oral decision by an immigration

judge ("IJ") denying his applications for asylum, withholding of removal, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

relief under the Convention Against Torture ("CAT"), and ordering his removal to Honduras. Amador challenges the agency's adverse credibility determination, on which the agency denied asylum and withholding of removal, as well as the agency's CAT analysis. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny Amador's petition for review.

We review factual findings, including adverse credibility determinations, "under the deferential substantial evidence standard." *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). Under that standard, "we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019); 8 U.S.C. § 1252(b)(4)(B). In cases where "the BIA agrees with and incorporates specific findings of the IJ while adding its own reasoning, we review both decisions." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016).

1. Substantial evidence does not compel us to conclude that Amador's testimony was credible. Amador contends that the agency's adverse credibility determination was based on a series of misunderstandings. Amador argues that he was clear and consistent about how long he stayed in the hospital and during how much of that time he was fully conscious. He also contends that the IJ exaggerated and misstated his testimony about where he lived after leaving the hospital but before he departed Honduras.

However, after review of the record, we are confident that the IJ fairly considered the record and did not err in concluding that Amador's testimony lacked credibility. The IJ reasonably found that Amador's testimony as to the length of his stay in the hospital was, at minimum, confusing. The IJ stressed that Amador's lack of clarity about how long he stayed in the hospital, standing alone, was "not enough to support an adverse credibility determination," but was instead one relevant factor in its determination. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007) (viewing inconsistencies cumulatively to determine whether they "deprive" a "claim of the requisite 'ring of truth'" (quoting *Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005))). The IJ also reasonably found Amador's testimony about the chronology of events to be inconsistent. Amador inconsistently testified about when and how long he stayed at his grandmother's house during the period after his hospital stay but before departing Honduras. When the IJ asked Amador to explain the inconsistencies in the chronology, Amador struggled to clarify the chronology and offered no explanation for the inconsistencies other than stating, "I did not understand." Finally, the IJ considered Amador's corroborating documents, including medical and police reports, but did not find them sufficient to resuscitate Amador's testimony and make it credible. The BIA reconsidered and affirmed the IJ's adverse credibility determination. Amador does not identify substantial evidence in the record that

would compel us to conclude that his testimony was credible as to his applications for asylum and withholding of removal, and on our independent review, we have not found sufficient evidence compelling us to conclude that Amador was credible.

2. Nor does substantial evidence compel us to reverse the agency's denial of CAT relief. Amador contends that the agency's CAT analysis was "impermissibly minimal" and that the agency misapplied the law. "To be eligible for relief under CAT, an applicant bears the burden of establishing that she will more likely than not be tortured with the consent or acquiescence of a public official if removed to her native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Based on the entire record, including the documentary evidence, the IJ found that Amador did not independently establish facts to show that it is more likely than not that Amador will be tortured with the consent or acquiescence of a public official. The BIA agreed. Amador does not identify substantial evidence to overcome the agency's conclusion that he did not establish a claim for relief under CAT. We agree that CAT relief must be denied.

**PETITION DENIED.**